## IN RE ESTABLISHMENT OF TOWN ROAD.
## OLAUS BENSON v. TOWN BOARD OF HUBBARD TOWNSHIP.[1]

October 5, 1923.

No. 23,598.

**Verdict awarding damages for cartway sustained.**

> The verdict of the jury determining the damages to which a landowner was entitled in a proceeding to lay out a cartway over his farm is supported by sufficient evidence, and the trial court was warranted in denying the landowner's motion for a new trial.

Olaus Benson, being aggrieved by the order of the town board of Hubbard township, Polk county, establishing a town road, appealed to the district court for that county where the appeal was heard by Watts, J., and a jury which approved the establishment of the cartway and awarded appellant $200 damages. From an order denying his motion for judgment notwithstanding the verdict or for a new trial, Olaus Benson appealed. Affirmed.

*A. A. & L. S. Miller,* for appellant.
*James E. Montague,* for respondent.

[1]Reported in 195 N. W. 143.

LEES, C.

The board of supervisors of the town of Hubbard in Polk county laid out a cartway to afford certain landowners access to their land from the nearest public highway. The cartway extended over a portion of appellant's farm and the board awarded him $200 as damages. He was dissatisfied and appealed to the district court, where a jury awarded him the same amount. He moved for a new trial without specifying the grounds of the motion and has appealed from a denial thereof.

His one assignment of error is that the verdict of the jury was not justified by the evidence and is contrary to law. The brief filed in his behalf is directed wholly to discussion of the question of damages, it being contended that the evidence was such that the jury was bound to return a verdict of not less than $800.

The cartway extends from the west boundary line of appellant's farm to a point north of the farm buildings, where it connects with a private road appellant uses to get to the public highway on the north side of the farm. The cartway is 2 rods wide and occupies 2.45 acres of appellant's land, practically one-half thereof being traversed by appellant's own private road. The cartway follows the brow of a hill which slopes towards the Red River of the North and is laid along the edge of appellant's level, tillable land.

The witnesses, who testified to the value of the land taken, variously estimated it at $100 to $125 an acre. Appellant had some trees near the farm house which furnished a wind break and some of them were on the strip of land taken for the cartway. A number of witnesses testified that 10 or 12 trees would have to be cut down when the cartway was put in condition for travel, and one or two testified that none of the trees would interfere with travel, and hence none need be removed. The removal of trees in his wind break is an additional element of damage claimed by appellant. Another is an old disused well located within the lines of the cartway, but its value, if any, was not shown to any degree of certainty, and neither was there any definite or certain proof of the necessity of building fences along the roadway, which was another item of damage claimed by appellant. His final claim is that the cartway runs

so near the farm house as to make it less desirable as a dwelling place, but there was no evidence that this would diminish the sale or rental value of the farm. The house was built more than 20 years ago at a cost of about $500 and has been occupied by appellant's tenants. Appellant testified that the southeasterly line of the strip of land taken was within 2 feet of the house at the nearest point. Other witnesses estimated the distance at 25 or 30 feet, and others at 10 or 15 feet.

All the elements of damage related to matters which are peculiarly within the knowledge of the ordinary juror. The court instructed the jury to determine the difference in the market value of appellant's farm as it was without a cartway laid over it and its value with the cartway laid out as it was. The jury might well have been more liberal in awarding damages, but it cannot be said that the amount is so inadequate as to indicate the influence of passion and prejudice. There was no error in the denial of the motion for a new trial.

Order affirmed.